U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  NOV - 6 2007

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CASE NO. 00-00146-001

VS

00-146 F(4)

ALLEN SPEARS

MOTION TO MODIFY TERM OF IMPRISONMENT

PURSUANT TO 18 USC 3582 (c) (2)

   Comes now Allen Spears pro se and moves this Honorable Court for a reduction in his prison sentence based on the November 1, 2007 **Ammendment to Section 2D1.1** of the United States Sentencing Guidelines and pursuant to **18 USC 3582 (c) (2)**. In support of this motion movant states the following:

JURISDICTION & RIPENESS OF CLAIM

   This court has jurisdiction over this matter pursuant to **18 USC 3582 (c) (2)**, when a change in the sentencing guidelines becomes effective after a defendant is sentenced or if the ammendment is made retroactive by the sentencing commission.

TENDERED FOR FILING

NOV - 6 2007

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee_____
___ Process_____
X  Dktd_____
X  CtRmDep_____
___ Doc No._____

It is Allen Spears position that this claim is now ripe for a judicial ruling, even though The United States Sentencing Commission has not made it's final ruling on the issue of retroactivity. Based on the supreme courts ruling in **U.S. V. BOOKER, 160 L.ED 2D 621**, it is our position that retroactivity is not the correct legal standard. In <u>BOOKER</u> the supreme court exercised **SECTION 18 USC 3553 (B) (1)** of the federal sentencing act, that made the guidelines and the ammendments mandatory, thus rendering them advisory. Once the guidelines & ammendments were made advisory judges were instructed to impose sentences that are not greater than necessary to comply with congress's intent for sentencing. It is clear by the November 1, 2007 change in the cocaine base offense law, that the intent of congress is that the punishment for cocaine base offense be punished at a lower level. Thus making this claim ripe for judicial review and decision.

Also, Allen Spears points out that this chosen legal vehicle of a **18 USC 3582 (c) (2)** falls under the direct appeal attack of a sentence, and thus based on the legal reasoning as setforth in <u>BOOKER</u>, the court is now empowered with the discretion to reduce the sentence pursuant to **18 USC 3582 (c) (2)** if it so chooses too, so the claim is again ripe.

### BACKGROUND

Allen Spears was named in a multi count indictment on or about May 2, 2000. The indictment charged that Allen Spears conspired to posses with intent to distribute crack cocaine a violation of 21

**USC 841 (b) (A) and 846.** On September 12, 2000, Allen Spears entered a plea to **Count 5** of the indictment pursuant to a written plea agreement.

On December 20, 2000, defendant Allen Spears was sentenced by this Honorable Court to a sentence of 135 months, which is greater than the mandatory minimum sentence for the violation of statue **21 USC 841 (b) (A) and 846** of 120 months.

## ARGUMENT

**THAT SENTENCING COMMISSION GUIDELINE AMMENDMENT TO SECTION 2D1.1 SHOULD BE APPLIED, THUS REDUCING APPLICABLE OFFENSE LEVEL BY TWO LEVELS.**

On November 1, 2007 The United States Sentencing Commission Ammendment to **Section 2D1.1** went into effect. The goal of this ammendment is to correct several decades of over punishment of cocaine base offenses and bring it more in line with other drug offense punishments. The ammendment reduced the offense level for all cocaine base offense levels by two, which in turn would reduce the range of punishment. The ammendment does not allow for a sentence to be reduced below the mandatory minimum sentence applicable for the conduct in violation of the statue.

In defendant Spears case his original sentence was 135 months, based on the mandatory guideline range 31. Based on the **Ammendment to Section 2D1.1** his new guideline range would be 29 providing for a range of punishment of 108 to 135 months, which is still above the mandatory minimum sentence.

It is also the argument of defendant Spears that based on the discretion granted to this court in the **Supreme Courts** ruling in BOOKER that this court has the ability to depart even further from the new sentence range and could impose a sentence of the mandatory minimum for a violation of **21 USC 841**, which would be a sentence of 120 months.

### REQUESTED RELIEF

It is the humble request of Spears for the above set forth reasons that this court enter a ammendment judgment sheet in this matter pursuant to **18 USC 3582 (c) (2)** and The United States Sentencing Commissions Ammendment to **Section 2D1.1** of the federal sentencing guidelines reflecting a new sentence of 120 months the mandatory minimum punishment for the conduct which was violated or in the alternative reduce the defendant's offense level by two and impose a new sentence based on the new guideline range of level 29.

Respectfully Submitted:

*Allen Spears*

Allen Spears # 27050-034

pro se

## CERTIFICATE OF SERVICE

Comes now Allen Spears in the above style action and do attest that a true and correct copy of this Motion to Modify Term Of Imprisonment pursuant to 18 USC 3582 (c) (2), was served upon the United States Attorney's Office at the address listed below by placing said motion in the United States Postal Box, postage prepaid on this the __1__ day of __Nov__ 2007.

Allen Spears # 27050-034, pro se

*[signature: Allen Spears]*

TRACEY KNIGHT

UNITED STATES ATTORNEYS OFFICE

501 MAGAZINE STREET, 2ND FLOOR

NEW ORLEANS, LA 70130

ALLEN SPEARS # 27050-034
FCC YAZOO CITY CAMP
P.O. BOX 5000
YAZOO CITY, MS 39194

CLERK OF COURTS
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
501 MAGAZINE STREET, 2ND FLOOR
NEW ORLEANS, LA 70130